UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Justin Stiles,  Civil No. 07-1524 JNE/AJB

            Petitioner,

v.  **REPORT AND RECOMMENDATION**

Minnesota Commissioner of
Corrections, Joan Fabian,

            Respondent.

      This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petitioner's amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Petitioner is confined at the Minnesota Correctional Facility at Stillwater, Minnesota, pursuant to conviction following jury trial and sentencing in Hennepin County District Court on two counts of first degree felony murder and one count of second degree intentional murder. He has been sentenced to a term of life imprisonment. The underlying basis of petitioner's claim is that the trial court improperly failed to instruct the jury as to any lesser included offenses on which he might have been convicted. He contends that his right to a lesser included offense instruction was established pursuant to law on the subject as recognized in State v. Dahlin, 695 N.W.2d 588 (Minn. 2005), a case decided by the Minnesota Supreme Court subsequent to petitioner's initial petition for postconviction relief in state

court.[1]  For the reasons discussed below, it is recommended that respondent's motions to dismiss the petition be granted [Docket Nos. 5 and 10] and that the amended petition [Docket No. 4] be dismissed with prejudice.

**Procedural Background and Claims**

Petitioner Justin Stiles was convicted on first and second degree murder charges by jury verdict returned on May 4, 1999, in Hennepin County District Court.   The criminal charges arose out of events occurring on January 8, 1998, in which Mr. Stiles and four friends planned a sham drug purchase and an armed robbery of a marijuana dealer, Mr. Moorman.[2]  As the robbery was taking place the dealer appeared to reach for a gun in his waistband, at which time he was killed as the result of being shot multiple times with shotguns fired by both the petitioner and one of the companions.

Stiles was indicted by a Hennepin County Grand Jury on February 17, 1998, and the matter was tried to a jury in April and May 1999.  He was sentenced to life imprisonment on June 7, 1999. At trial the defendant requested that the jury be given additional instructions on second-degree unintentional felony murder, third-degree murder, and first-degree heat-of-passion manslaughter, as lesser-included offenses.  The trial court denied the lesser included offense request and gave only the two first-degree felony murder and the second-degree intentional murder instructions on which the

---

[1] Mr. Stiles did not directly appeal his conviction.  He has sought relief with regard to his convictions through two separate petitions for postconviction relief in Minnesota state courts.

[2] Stiles v. State, 664 N.W.2d 315, 317-18 (Minn. 2003)(decision on petition for postconviction relief); Stiles v. State, 712 N.W.2d 327, 328 (Minn. 2006)(decision on second petition for postconviction relief).

defendant was found guilty.[3]

Petitioner did not directly appeal the convictions.[4] However, in an action for postconviction relief the defendant asserted that the trial court erred in refusing to instruct the jury on lesser-included offenses. He also alleged evidentiary errors. The petition was denied initially by the trial court and on appeal to the Minnesota Supreme Court. Stiles v. State, 664 N.W.2d 315 (Minn. 2003)(Stiles I). Thereafter, the Minnesota Supreme Court issued an opinion addressing the state of the law on lesser-included offenses in its decision in the matter entitled State v. Dahlin, 695 N.W.2d 588 (Minn. 2005). Petitioner Stiles commenced a second action for postconviction relief based upon discussion in Dahlin which he contends provides a basis for relief with respect to lesser included offense instructions. The second postconviction petition was summarily denied by the trial court and on appeal the trial court decision was affirmed. Stiles v. State, 712 N.W.2d 327 (Minn. 2006)(Stiles II). In the Stiles II appellate opinion the court noted that if the Dahlin decision is construed to be an articulation of new law on the subject, Stiles' argument fails because under state law the new rule will not be given retroactive application. Id. at 329 (citing O'Meara v. State 679 N.W.2d 334, 339 (Minn 2004)). On the other hand, if Dahlin is interpreted to be mere clarification or restatement of existing law, the defendant's lesser-included offense claims are barred because they would have been known at the time of the appeal on the first petition for postconviction relief. Id. (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976) and Minn. Stat. § 590.04, subd. 3.)

---

[3] Id.

[4] Stiles has asserted that an appeal was not taken because of a misunderstanding regarding the sentencing court's advice on appeal rights and the meaning of "automatic" appeal.

Petitioner commenced the present action for federal habeas corpus relief by petition filed March 13, 2007, asserting violation of his federal due process rights based upon the Minnesota Supreme Court's refusal to explicitly decide whether <u>Dahlin</u> announced a new rule of law with regard to lesser-included offenses. An amended petition was filed on March 20, 2007. The respondent moved to dismiss the action on grounds that the federal habeas petition is time barred. The State thereafter submitted a supplemental memorandum in support of dismissal, asserting that petitioner has never advanced a federal due process claim in the state courts; the petition therefore presents an unexhausted claim; and the petitioner has procedurally defaulted on the unexhausted due process claim. Petitioner now acknowledges that he has not exhausted state court remedies with regard to the federal issue, but argues that the claim is not barred under circumstances whereby cause for the default and actual prejudice resulting from violation of federal law can be demonstrated. Petitioner contends that cause is shown in this case because the issue in <u>Stiles II</u>, i.e. the standard to be applied in determining when a lesser-included offense instruction should be given, was a matter of state law only and the federal issue did not arise until the right to review on the merits was denied. In essence, petitioner argues that the Minnesota Supreme Court decision and the appellate rules on rehearing worked to denied him due process under federal law, thereby establishing cause for procedural default. Specifically, Stiles asserts that "[he] could not have known that the Minnesota Supreme Court was going to ignore the law and rule incorrectly and then deny a request for rehearing."[5]

## DISCUSSION

---

[5] Petitioner's Supplemental Memorandum in Reply to State's Motion to Dismiss Petition as Untimely and for Failure to Exhaust, page 4 [Docket No. 14].

**Exhaustion.**  Generally, a federal court cannot consider the merits of a habeas corpus petition filed by a state prisoner unless the petitioner can demonstrate exhaustion of all of the available state court remedies with respect to each of the claims that are being presented to the federal court. 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).  Exhaustion of state remedies is required to ensure that state courts have the initial opportunity to review and adjudicate a petitioner's federal constitutional claims.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991).  A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim.  Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir.)(cert. denied, 116 S.Ct. 578 (1995)); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993)(citing Picard v. Connor, 404 U.S. 270, 275-278 (1971)).  Petitioner in this matter expressly acknowledges that the federal due process claim that he asserts in this §2254 action has not been presented to the Minnesota state courts and the claim is therefore not exhausted.

**Procedural Default.**  When a petitioner has failed to fairly present federal constitutional claims in state court, the federal court must determine whether the state procedural rules would allow hearing on the merits in a state court proceeding.  McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  If the state's procedural rules would preclude hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or fundamental miscarriage of justice, can be demonstrated.  Id. at 758.  Cause for procedural default must not be attributable to petitioner himself.  Coleman v. Thompson, 501 U.S. at 750.

Petitioner in this matter insists that cause for the default in this instance exists because

the federal due process issue did not arise until the Minnesota Supreme Court denied petitioner the right to review on the merits of his claim regarding proper lesser included offense instructions under Dahlin. Stiles also contends that it would have been improper to raise the federal due process issue on petition for rehearing because such a petition and hearing is limited to reconsideration of matters previously presented. Petitioner next asserts that "the prejudice is whether the due process claim was adversely affected by the Minnesota Supreme Court's ruling, not whether the lesser included offense instruction was improperly denied."[6] Finally, petitioner expressly states he is not seeking application of the fundamental miscarriage of justice exception to procedural default which would require evidence of actual innocence. Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995).

The court wholly fails to appreciate the significance of petitioner's inability to raise the federal due process issue on motion for rehearing to the state supreme court. Indeed, in Stiles II the court announced for all intents and purposes that the claims relating to the lesser included offense instructions were procedurally barred under state law, regardless of whether such claims were based upon the contention that new law had been established on the issue or that the claims were already known at the time of the denial of his first postconviction appeal. Petitioner states that the issue in Stiles II was an matter of "state law only–the standard for when a jury should be instructed on a lesser included offense."[7] Yet, he now insists that a federal due process issue exists with respect to whether the state courts must consider the merits of argument that is barred under state procedural rules.

---

[6] Petitioner's Supplemental Memorandum in Reply to State's Motion to Dismiss Petition as Untimely and for Failure to Exhaust, page 6.

[7] Petitioner's Supplemental Memorandum in Reply to State's Motion to Dismiss Petition as Untimely and for Failure to Exhaust, page 2.

Petitioner's cause and prejudice argument is without legal substance and his effort to negotiate the minefield that is procedural default is unavailing.  Nonexhaustion is admitted and cause and prejudice are not explained in any direct and fully comprehensible fashion, largely because the cause and prejudice analysis is simply not well suited to the procedural circumstances at issue and also because they simply do not exist in this instance.  Reduced to its essence, the argument is that the cause prong is satisfied because petitioner is unable to exercise a procedural right to appeal the Minnesota court's refusal to recognize a obligation to consider and address the merits of the petitioner's Dahlin arguments.  Indeed, in Stiles II the state supreme court sufficiently articulated the reasons that this court can propound as the basis for a determination that petitioner would not be entitled to relief on the merits in a subsequent postconviction petition based upon Dahlin, and he has therefore procedurally defaulted.  Petitioner rightly contends that with regard to this federal habeas petition, based upon an alleged federal due process right to appeal, his return to state court would be futile.  That is the consequence of procedural default, and is not a cause to excuse it.  Also, petitioner has not alleged the actual prejudice necessary to overcome procedural default.  "To demonstrate prejudice, a petitioner must show that the errors of which he complains 'worked to his *actual* and substantial disadvantage, infecting his entire [hearing] with error of constitutional dimensions.'"  Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995)(citations omitted).  In addition, plaintiff suffers no prejudice because he has obtained appellate review on the substantive merits of his primary lesser-included offense claim (Stiles I) and on the procedural merits of his Dahlin claim (Stiles II).  Petitioner's cause and prejudice argument, to the extent that it is decipherable, is simply a self-perpetuating and circular argument that can be asserted any time that a petition is denied, and procedurally default could repeatedly be averted when the

reviewing court declines to discuss the merits of an issue to the satisfaction of the petitioner, or no further appeal is available.  In the application of the cause and prejudice standard to the review of state procedural defaults in a habeas corpus action the federal must recognize the important interest in finality which state procedural rules provide, as well as the harm to states resulting from the failure to respect those procedural rules.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546.  Furthermore, "[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make a timely assertion of the right before a tribunal having jurisdiction to determine it."  Id., 501 U.S. at 750 (quoting Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 677 (1944)).  Petitioner in this matter has not carried the burden of showing cause and prejudice as required to avoid dismissal of claims based upon procedural default.

Finally, on a more elementary level relating to the merits of this action, petitioner cites no authority for the proposition that an appellate court is constitutionally required to explain its decision; petitioner cites no persuasive argument to support the conclusion that federal due process requires that the state provide an avenue for the appeal on the merits under the circumstances of this case; and plaintiff's contention that the federal due process argument could not at least have been presented on request for rehearing to the Minnesota Supreme Court is speculative and probably not relevant.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

It is hereby **recommended** that respondent's motions to dismiss the petition be **granted** [Docket Nos. 5 and 10], and that Justin Stiles' amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be **DISMISSED** with prejudice. [Docket No. 4].

Dated:   September 24, 2007

      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before October 9, 2007.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.